SCHWARTZ, Chief Judge.
We conclude that the circuit court departed from the essential requirements of the law in quashing a resolution of the Monroe County Board of County Commissioners. The resolution affirmed a decision of the Monroe County Planning Commission that the respondent-developer’s building permit had expired under the terms of the “old” Monroe County Zoning Code Section 6-226(a)[1] as incorporated into Section 9.5-2(b)(l)a[2] of the “new” code. It is apparent that, as a matter of law, the board and the commission correctly decided that the respondents’ admitted failure to complete the project within two years after its development plan was approved resulted in the termination of the permit. See Peters v. Thompson, 68 So.2d 581 (Fla.1953); 7 Fla.Jur.2d, Building, Zoning, and Land Controls § 134 (1978).
Accordingly, certiorari is granted, the final judgment below is quashed, and the cause is remanded with directions to affirm the resolution, and for further appropriate proceedings as to counts two and three which remain pending before the circuit court.
Certiorari granted.

. This provision stated:
In addition ... all proposed major development projects shall be subject to the following performance standards:
(a) Construction of all major development projects shall be initiated within one (1) year and completed within two (2) years after approval of the final development plan unless otherwise specified or approved by the zoning board.

. This subsection provides:
a. The holder of a final major development approval granted prior to the effective date of the Monroe County Comprehensive Plan and this chapter shall be entitled to develop pursuant to the approved final major development approval, (emphasis supplied).